UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAEED ZARAKANI, et al.,<br><br>　　　　　　Defendants. | No. 2:14-cv-0696-MCE-KJN<br><br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

　　　　Plaintiff's motion to compel defendants' discovery responses and for monetary sanctions pursuant to Federal Rule of Civil Procedure 37 came on for hearing before the court on December 18, 2014. Attorney Christopher Seabock appeared telephonically on behalf of plaintiff. Defendant Saeed Zarakani appeared on his own behalf despite the fact that the docket in this case currently reflects that both Mr. Zarakani and co-defendant Mardan, Inc. are represented by attorney William Bernheim. Mr. Bernheim did not make an appearance for either defendant.

　　　　During the course of the hearing, it came to the court's attention that Mr. Bernheim has made representations to both his client Mr. Zarakani and to plaintiff's counsel that he seeks to withdraw as defendants' counsel in this matter and will be seeking to substitute himself out for new counsel. However, in order to withdraw as defendant's attorney of record for this case, Mr. Bernheim must comply with the requirements set forth in Local Rule 182. Under Local Rule 182(d), an attorney seeking to withdraw from representation in a manner that would leave his or her client to proceed in propria persona must obtain the

1

1  court's leave to make such a withdrawal. Similarly, under Local Rule 182(g), an attorney seeking to
2  substitute his or herself out for new counsel must submit a substitution form that must be approved by the
3  court before the substitution is considered complete. Unless and until the current counsel of record obtains
4  the court's approval under either circumstance, that attorney is still required to represent his or her client
5  before this court.

6  The docket in this case reflects that Mr. Bernheim has not yet made any filing or other formal
7  indication to the court that he seeks to withdraw as defendants' counsel or to substitute in a new attorney
8  as counsel of record in this case. Accordingly, the court orders William Bernheim to show cause in
9  writing by no later than January 7, 2015, as to why sanctions should not issue against him personally in
10 accordance with Local Rule 110 for his failure to respond to plaintiff's discovery requests, failure to file a
11 request for withdrawal of counsel or substitution of counsel with the court, and failure to appear on behalf
12 of his clients at the December 18, 2014 hearing.[1]

13 In light of the order to show cause and for the reasons stated on the record during the December
14 18, 2014 hearing, the court declines rule on plaintiff's motion to compel and request for sanctions at this
15 juncture. Instead, the court encourages the parties to meet and confer with one another concerning how
16 they wish to proceed with regard to defendants' production of the discovery requested by plaintiff.[2]
17 By no later than January 15, 2015, plaintiff's counsel shall file a status report detailing whether defendants
18 have complied with plaintiff's discovery requests, and, if not, whether the parties have agreed upon a date
19 by which defendants are to produce the requested discovery. Plaintiff shall also indicate whether it still
20 wishes to pursue the present motion to compel in whole or in part.

21 For the foregoing reasons, IT IS HEREBY ORDERED that:

22 1. By no later than January 7, 2015, William Bernheim shall show cause in writing why he
23 should not be personally sanctioned for his failure to respond to plaintiff's discovery requests, failure to
24 file a request for withdrawal of counsel or substitution of counsel with the court, and failure to appear on

---

[1] Sanctions may include, but may not be limited to, plaintiff's expenses incurred in connection with bringing the present motion to compel.

[2] As noted by the court at the hearing, the parties may also wish to explore the possibility of settlement of this case during their meet and confer efforts.

behalf of his clients at the December 18, 2014 hearing. Failure to comply with this order may result in monetary sanctions or any other appropriate sanctions.

    2.    By no later than January 15, 2015, plaintiff's counsel shall file a status report that includes information concerning the subjects referenced above.

    IT IS SO ORDERED.

Dated: December 29, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3