UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAEED ZARAKANI, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-0696-MCE-KJN<br><br><br><br>ORDER |

On December 29, 2014, the court issued an order to show cause ("OSC") directing defendant's counsel of record, William Bernheim, to show cause in writing why the court should not impose sanctions against him personally "for his failure to respond to plaintiff's discovery requests, failure to file a request for withdrawal of counsel or substitution of counsel with the court, and failure to appear on behalf of his clients at the December 18, 2014 hearing."[1]  (ECF No. 20 at 2.)  The OSC required Mr. Bernheim to provide his written response by no later than

---

[1] As noted in the OSC, during the December 18, 2014 hearing on plaintiff's motion to compel, defendant Saeed Zarakani stated that he had received notice from Mr. Bernheim that Mr. Bernheim intends to no longer represent Mr. Zarakani and his co-defendant Mardan, Inc. in this matter.  Similarly, counsel for plaintiff stated during the hearing that plaintiff had received similar notice that Mr. Bernheim intended to withdraw from his representation of defendants.  Nevertheless, as of the present date, Mr. Bernheim has not made any filing or other formal indication to the court that he seeks to withdraw as defendants' counsel or to substitute in a new attorney as defendants' counsel of record in this case.

1

January 7, 2015.  However, as of the present date, the docket reflects that Mr. Bernheim has not made such a filing.  Indeed, the docket reflects that there has been no activity in this case since the court's issuance of the OSC on December 29, 2014.

Because of Mr. Bernheim's failures to comply with the court's orders and Local Rules, and apparent abandonment of his clients in this matter, the undersigned is left with no choice but to impose a monetary sanction personally on Mr. Bernheim.  See E.D. Local Rule 110.  Accordingly, the court finds it appropriate to sanction William Bernheim personally in the amount of $500.00 pursuant to the court's inherent power.  Id.  While the court ordinarily would be inclined to issue less severe sanctions, Mr. Bernheim's continued failure to respond to the OSC, file documents indicating his intent to withdraw as defendants' counsel of record in conformance with the Local Rules, or respond in any way to plaintiff's pending motion to compel, exacerbates the problems created for plaintiff, Mr. Bernheim's clients, and the court by Mr. Bernheim's repeated failures in this matter.  Hopefully, such a sanction will secure Mr. Bernheim's attention and future compliance with this court's orders.

Furthermore, Mr. Bernheim shall also provide the court with a statement in writing informing the court of whether he intends to continue to represent defendants in this matter.  If he intends to withdraw as counsel for defendants, Mr. Bernheim shall also file either a substitution of attorney form substituting in new counsel in compliance with the requirements of Local Rule 182(g) or file a motion requesting leave of court to withdraw from representation in compliance with the requirements of Local Rule 182(d).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of this order, defendants' counsel of record, William Bernheim, shall pay the Clerk of Court $500.00 in monetary sanctions based on his failure to comply with court orders.  Mr. Bernheim shall not attempt to recover, directly or indirectly, the amount of such sanctions from his clients.

////

////

////

2

2. Within fourteen (14) days of this order, defendants' counsel of record, William Bernheim, shall provide the court with a statement in writing informing the court of whether he intends to continue to represent defendants in this matter. If Mr. Bernheim intends to withdraw as counsel for defendants, he shall also file a substitution of attorney form substituting in new counsel in compliance with the requirements of Local Rule 182(g) or file a motion requesting leave of court to withdraw from representation in compliance with the requirements of Local Rule 182(d).

IT IS SO ORDERED.

Dated: January 14, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE